# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DARWIN ESCOBAR, et al.,**                    **CIVIL ACTION**
**individually and on behalf**
**of all others similarly situated**

**VERSUS**                                     **NO: 16-15848**

**RAMELLI GROUP, L.L.C. et al.**               **SECTION: "H"(2)**

## ORDER AND REASONS

Before the Court is a Motion to Certify a Collective Action Pursuant to Section 216(b) of the FLSA filed by Plaintiffs Darwin Escobar, Rigoberto Garcia, Selvin A. Portillo, Gustavo A. Reyes Ramirez, and Selvin Vasquez on behalf of themselves and others similarly situated as well as a request to approve a proposed notice to all FLSA collective class members (Doc. 31). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs allege that they are former employees of Defendant Ramelli Group, L.L.C. Plaintiffs filed this lawsuit in October of 2016 on their behalf and on the behalf of those similarly situated. Plaintiffs seek collective action under the Fair Labor Standards Act, alleging that Ramelli Group, L.L.C. et al. wrongfully failed to pay appropriate overtime wages.

Plaintiffs ask the Court to conditionally certify a class to proceed as a collective action. Plaintiffs seek certification of a class including:

All individuals who were employed by Ramelli Group, L.L.C., Ramelli Janitorial, Inc., Robert C. Ramelli, K.C. Staffing L.L.C. and/or K.C. Staffing Solutions, L.L.C. as landscape laborers paid by the hour during any workweek from October 26, 2013 through the time notice of this action is provided.

In addition to certification, Plaintiffs request: (1) that the Court order Defendants to provide Plaintiffs' counsel within 14 days the names, last known mailing addresses, and last known e-mail addresses of all potential collective action plaintiffs; (2) approve the proposed and consent form; (3) and authorize notice of this collective action to potential members of the FLSA collective class.

## **LEGAL STANDARD**

The Fair Labor Standards Act (FLSA) allows for a plaintiff to bring a claim on his own behalf and on the behalf of others who are "similarly situated."[1]  A collective action affords plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources."[2]  Efficient resolution in one proceeding of common issues of law and fact benefits the judicial system.[3]  The FLSA does not define what it means for employees to be "similarly situated."

Courts have utilized two methods for determining whether plaintiffs are similarly situated, commonly referred to as the *Lusardi* approach and the *Shushan* approach.[4]  The Fifth Circuit has not determined whether either approach is required; however, the Eastern District of Louisiana has

---

[1] 29 U.S.C §216.

[2] *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[3] *Id.*

[4] *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), ocerruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 (2003).

consistently applied the approach first articulated in *Lusardi v. Werox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[5]  This approach uses a two-step analysis. First at the "notice stage," the court determines whether notice should be given to potential members of the collective action, "usually based only on the pleadings and any affidavits."[6]  Because the court has little evidence at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[7]

The second approach is articulated in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). Under this approach, a court applies the same "similarly situated" inquiry as applied in Rule 23 class certification. Accordingly, a court looks to "numerosity," "commonality," "typicality," and "adequacy of representation" to determine whether a class should be certified.

Under *Lusardi*, although the standard for certification at the notice stage is lenient, courts generally require "at least substantial allegations that the FLSA Collective Class Members were together the victims of a single decision, policy, or plan infected by discrimination."[8]  "Courts determining whether plaintiffs have submitted substantial allegations of a single plan have looked to 'whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted.'"[9]  If the Court grants conditional

---

[5] *See, e.g., Xavier v. Belfor USA Group, Inc.*, 585 F.Supp.2d 873, 876 (E.D. La. 2008); *Johnson v. Big Lots Stores, Inc.*, 56 F.Supp.2d 559, 569 (E.D. La. 2008); *Smith v. Offshore Specialty Fabricators, Inc.* 2009 WL 2046159, at *2 (E.D. La. July 13, 2009).
[6] *Mooney* 54 F.3d at 1213-14.
[7] *Id.* at 1214.
[8] *Smith*, 2009 WL 2046159, at *2 (quoting *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).
[9] *Id*.

3

certification, the case proceeds as a collective action through discovery.[10]

After discovery, the defendant may move for decertification.[11]   At that point, the court decides, with the benefit of considerably more information, whether the employees are similarly situated.[12]   At this time, the court makes a factual inquiry into whether plaintiffs are similarly situated.[13]   *Lusardi* applies a three-factor test to determine whether plaintiffs and potential members of the collective action are similarly situated. Courts consider: "(1) the extent to which the employment settings of employees are similar or disparate, (2) the extent to which any defenses that an employer might have are common or individuated; and (3) general fairness and procedural considerations."[14]

## LAW AND ANALYSIS

In their Motion to Certify a Collective Action pursuant to Section 216(b) of the FLSA and to Approve a Proposed Notice to All FLSA collective class members, Plaintiffs request that this Court (1) conditionally certify this collective action to potential members of the Collective Class; (2) order Defendants to provide Plaintiffs' counsel, within 14 days of such order, contact information for each FLSA collective class member, and dates of employment of each FLSA Collective Class Member; (3) approve the proposed judicial notice and consent form; and (4) allow for a 90 day opt-in period. Defendant has not opposed this motion. The Court will consider each of these arguments in turn.

---

[10] *Mooney*, 54 F.3d at 1213-14.
[11] *Id.*
[12] *Id.*
[13] *Xavier*, 585 F.Supp.2d at 878.
[14] *Johnson.*, 561 F.Supp.2d at 573.

## I.   Conditional Certification for Purposes of Notice and Discovery

In support of their contention that they qualify for conditional class certification, Plaintiffs have submitted six affidavits along with their pleadings that allege Plaintiffs and FLSA collective class members were allegedly employed by Ramelli Group and by K.C. Staffing and were not paid overtime for working more than forty hours per week. Plaintiffs allegedly first worked for Ramelli Group then for K.C. Staffing during the duration of their employment. Allegedly, their jobs did not change after K.C. Staffing became the new employer in 2016, and the Plaintiffs allege that K.C. Staffing, like Ramelli Group, failed to pay overtime wages. The presence of multiple or joint employers does not preclude conditional certification for a collective action under the FLSA.[15]

Because this stage of the certification process is so lenient, the Plaintiffs only need to show that "a few similarly situated individuals seek to join the lawsuit."[16]  The complaint contained six affidavits of employees of the joint employers that alleged to have experienced the same failure to pay overtime wages and know of dozens of other individuals employed by the Defendants who were paid in the same manner.[17]  The Court finds this evidence sufficient to warrant conditional class certification.

## II.   Production of Contact Information

Counsel for Plaintiffs and FLSA collective class members request that

---

[15] *Alston v. DIRECTV, Inc.*, 2017 WL 2311588, at *3 (D. South Carolina May 26, 2017).

[16] *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, at *8 (S.D. Tex. Jan. 24, 2007).

[17] Doc. 31-1, pg. 1-6; *Simmons*, 2007 WL 210008, at *9 ("…a named plaintiff may submit some form of evidence that the additional aggrieved persons exist and want to join suit.").

this Court order Defendants to provide a computer-readable data file that includes the full names, current or last known addresses, e-mail addresses, and phone numbers for current and former employees fitting the description of the conditionally certified class. The defense has not opposed this request, and the production of addresses and e-mail addresses is common practice, so the Defendants are ordered to produce them.[18]   While less common in practice, multiple courts in this District have ordered the production of telephone numbers in similar cases.[19] For members of the opt-in class for whom no address is provided by the Defendants or whose court-approved notice is returned to plaintiffs' counsel as undeliverable, the Plaintiffs request to send an agreed upon text message to each person's last-known telephone number. Courts have approved of the use of text messages because it facilitates notice to class members who may have changed addresses before the opt-in period.[20] Thus, this court approves the request for telephone numbers for notice purposes.

Plaintiffs also request that the approved contact information be delivered to them within fourteen days. They contend that to allow a longer time period for the defense to provide the contact information could preclude potential putative class members from joining in on the litigation. Plaintiffs also claim that a longer time period lessens the amount available as compensation based on the continually running statute of limitations. Unlike Rule 23 class action suits, where the statute of limitations tolls for class members at the time of the filing of the complaint, FLSA class actions do not

---

[18] *White v. Integrated Tech., Inc.*, 2013 WL 2903070 at *9 (E.D. La. June 13, 2013).
[19] *Jones v. Yale Enf't Servs., Inc.*, 2015 WL 3936135, at *3 (E.D. La. June 26, 2015); *Case v. Danos and Curole Marine Contractors, L.L.C.*, 2015 WL 1978653, at *8; *White*, 2013 WL 2903070 at *11.
[20] *Mahrous v. LKM Enterprises, L.L.C.*, 2017 WL 2730886 at *4 (E.D. La. June 26, 2017).

toll a member's statute of limitations until he or she individually opts into the litigation.[21]  Courts in the Fifth Circuit have approved of a fourteen-day time period, and Defendants have not opposed the time period set out by the Plaintiffs.[22]  Thus, the Defendants are ordered to provide the approved contact information to Plaintiffs' counsel within fourteen days

## III.   <u>Judicial Notice</u>

Plaintiffs have submitted proposed notice and consent forms to which Defendants have not objected. The notice is based on the model Class Action Notice available on the Federal Judicial Center website.[23]  The courts have discretion to determine whether the notice gives accurate and timely notice concerning the pendency of the collective action, so that the class members can make informed decisions about whether to participate.[24]  The Court has reviewed the proposed notice and finds that it adequately apprises potential plaintiffs of their rights; accordingly, the same is approved.

## IV.   <u>Length of Opt-in Period</u>

Plaintiffs request a 90-day time period after distribution of the notices for interested Putative Class Members to file their consents with the Court. The Defendants have not opposed this time period. Courts have allowed a 90-day opt-in period in similar situations involving transient Spanish-speaking

---

[21] *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y.1997).
[22] *Senegal v. Fairfield Industries, Inc.*, 2017 WL 1134153 at *9 (S.D. Tex. March 27, 2017).
[23] http://www.fjc.gov/.
[24] *Hoffman-La Roche Inc.*, 493 U.S. at 170; *Whitehorn v. Wolfgsng's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011).

class members.[25]   Additionally, courts have previously held that a 90-day opt-in period is not prejudicial to the defense.[26]   The Court, therefore, approves an opt-in period of 90 days.

## **CONCLUSION**

For the forgoing reasons, Plaintiffs' Motion is **GRANTED**.

**IT IS ORDERED** that Plaintiffs' Complaint is conditionally certified to proceed as a collective action, defining the following class:

> All individuals who were employed by Ramelli Group, L.L.C., Ramelli Janitorial, Inc., Robert C. Ramelli, K.C. Staffing L.L.C. and/or K.C. Staffing Solutions, L.L.C. as landscape laborers paid by the hour during any workweek from October 26, 2013 through the time notice of this action is provided.

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiffs in a computer-readable data file with the names, current or last known addresses, e-mail addresses, and telephone numbers of potential collective action plaintiffs within fourteen days of the filing of this Order.

New Orleans, Louisiana this 17th day of July, 2017.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Lopez v. Hal Collums Construction, L.L.C.*, 2015 WL 7302243, at *2, 7 (E.D. La. Nov. 18, 2015).
[26] *Lima v. Int'l Catastrophe Solutions, INC.*, 493 F.Supp.2d 793 at 804 (E.D. La. June 27, 2007).